**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| GEORGE DULGERIAN, | : | |
| Debtor. | : | Case No. 06-10203  (JKF) |
| _____ | | |
| BERNICE ANZALONE, | : | |
| Plaintiff, | : | |
| v. | : | |
| GEORGE DULGERIAN, | : | |
| Defendant. | : | Adversary No. 06-0612 |
| _____ | | |

# MEMORANDUM OPINION

BY:   JEAN K. FITZSIMON
       United States Bankruptcy Judge

This matter is before the Court on Defendant George Dulgerian's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(B)(6). For reasons discussed below, the Motion is granted in part and denied in part. Counts I and III of the Complaint will not be dismissed. Count II is dismissed without prejudice.

## I.  BACKGROUND

An involuntary Chapter 7 bankruptcy petition was filed against George Dulgerian on January 19, 2006.  The Debtor voluntarily converted his case to Chapter 11 on June 7, 2006.[1]  On November 13, 2006, the Plaintiff, Bernice Anzalone, filed this adversary proceeding against the Debtor, seeking a determination that a total debt of $500,000 is nondischargeable.  The Complaint states three causes of action: count I pursuant to 11 U.S.C. § 523(a)(2), count II pursuant to § 523 (a)(4), and count III pursuant to § 523 (a)(6).

The Plaintiff's deceased husband, Robert Anzalone, was the uncle of the Debtor's wife, Kathyrn Dulgerian.  The Debtor and his wife operated Enclave Development Inc. ("Enclave") and G&D Developers ("G&D"), which were in the land development business.

In November 2001, the Debtor, his wife, Enclave, and G&D (collectively, the "Borrowers") took an initial loan of $400,000 from the Plaintiff and her husband in order to develop the 57 acre Point Ardash property owned by the Debtor (the "Property").  The Borrowers allegedly promised to pay 10% yearly interest on the loan.  The Complaint alleges that the following deceptions were perpetrated on the Plaintiff and her husband in order fraudulently to induce them to loan money to the Borrowers: 1) representing that the Property was subject to

---

[1]The bankruptcy case was reassigned from Judge Raslavich to Judge FitzSimon on November 19, 2007.  This adversary proceeding was reassigned on January 16, 2008.

2

immediate sale for $14,000,000 (Complaint ¶11a); 2) presenting a written document purporting to be an Agreement of Sale (Complaint ¶11a); 3) misrepresenting the Borrowers' ownership interest in the Property (Complaint ¶11b); 4) misrepresenting the Borrowers' history of financial success in other land development projects (Complaint ¶11c); 5) concealing the Debtor's intention to embezzle the loan proceeds for his personal benefit (Complaint ¶11d); and 6) concealing the Borrowers' dire financial condition and inability to repay the loan (Complaint ¶11e).

From January 2002 to July 2002, the Borrowers made interest payments on the loan to the Plaintiff and her husband. (Complaint ¶14.) In July 2002, the Anzalones loaned the Borrowers an additional $100,000. (Complaint ¶17.) The interest payments then stopped. (Complaint ¶18.) In March 2005, Plaintiff met with the Defendant to seek repayment of the loan or, at a minimum, interest payments on the loan. (Complaint ¶23.) At that point, Mr. Dulgerian allegedly told the Plaintiff that he did not have the money to repay the loans. (Complaint ¶24.) The Complaint alleges that instead of using the $500,000 in loan proceeds received from the Anzalones to improve the Property (as the parties agreed), the Debtor converted and embezzled the loan proceeds for his personal benefit in breach of his fiduciary duties. (Complaint ¶19.)

In November 2005 (Plaintiff's husband now having passed away), Mrs. Anzalone sued the Borrowers in district court in the Eastern District of

3

Pennsylvania (the "EDPA Action").  (Complaint ¶25.)  The EDPA Action contains four counts: 1) fraud; 2) breach of contract; 3) negligent misrepresentation; and 4) violation of the New Jersey Consumer Fraud Act.  (See Complaint, Exhibit D.)

Two months after the EDPA Action was filed, on January 19, 2006, an involuntary bankruptcy petition was filed against the Debtor, and the stay prevented further prosecution of the EDPA suit against Mr. Dulgerian.  (Complaint ¶26.)  However, in July 2006, a default judgment was entered in that action against the remaining parties (the Debtor's wife, Enclave, and G&D) in the amount of $802,105.  (Complaint ¶28.)

With regard to this adversary proceeding, the Debtor has not answered the Complaint, but rather filed a 12(b)(6) Motion to Dismiss in December of 2006.  The Motion seeks to have the Complaint dismissed on the following grounds: 1) fraud was not pled with particularity pursuant to Federal Rule of Civil Procedure 9(b) (the Motion asserts that the Plaintiff has made only vague allegations regarding the Defendant's alleged misrepresentations, over-statements concerning ownership of the Property, and statements about his past successes and other land development projects); 2) the Plaintiff has failed to state a claim under § 523(a)(2) because the pleadings do not even exhibit evidence of the correct loan repayment or interest terms; 3) the Plaintiff has failed to state a claim under § 523(a)(4) where there is no statement of an independent fiduciary relationship or an express trust, nor an allegation of fraudulent

4

appropriation that would rise to a sufficient allegation of embezzlement or larceny; and 4) the Plaintiff has failed to state a claim under § 523(a)(6) where there is no showing whatsoever that Debtor intended to cause injury or that simply borrowing money is tantamount to a tort.

The parties put the decision on this Motion on hold for a time by entering into a Settlement Stipulation, which was approved by this Court on April 5, 2007. (See docket entry #10.) However, the terms of the settlement were apparently never met; the adversary was reinstated, by consent, on January 29, 2008. (See docket entry # 21.)

Reinstatement of this proceeding came with the Defendant's fully briefed Motion to Dismiss. The parties represented to the Court at a February 13, 2008 hearing that they wished to proceed on their filed papers. After reviewing the pleadings and relevant law, and for reasons discussed more fully below, the Court concludes that counts I and III of the Complaint are viable. However, Count II fails to state a claim on which relief may be granted. For these reasons, the Motion is granted in part and denied in part.

## II.  STANDARD ON A MOTION TO DISMISS

The purpose of a Rule 12(b)(6) motion is to "test the legal sufficiency of the complaint." Dee v. Marriott Int'l, Inc., 1999 WL 975125, at *2 (E.D. Pa. Oct. 6, 1999). In considering a motion to dismiss, a court is "required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn

5

therefrom, [viewing] them in the light most favorable to the plaintiff." Taliaferro v. Darby Township Zoning Board, 458 F.3d 181,188 (3d Cir. 2006) (citation omitted). See also Winter Family Trust v. Queen, 503 F.3d 319, 327 (3d Cir. 2007). In deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true the facts pleaded in the complaint and any reasonable inferences derived from those facts. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). The inquiry is "not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." In re Rockefeller Center Properties, Inc. Securities Litigation, 311 F.3d 198, 215 (3d Cir. 2002) (citation omitted). While Federal Rule of Civil Procedure 8(a)(2) "requires only a short and plain statement of the claim showing that the pleader is entitled to relief" it is "a plaintiff's obligation to provide the grounds of his entitlement to relief, [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1964-5 (2007) (internal citations and quotations omitted).

### III. THE COMPLAINT ADEQUATELY PLEADS FRAUD WITH PARTICULARITY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 9(B)

The crux of the Complaint, that the Debtor fraudulently induced the Plaintiff and her deceased husband to lend them a substantial amount of money, is adequately detailed and thus stands up to the heightened pleading standard of

6

Rule 9(b). The Federal Rules require that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake . . ." Fed. R. Civ. P. 9(b). According to the Third Circuit, this means that a plaintiff should accompany her pleading with "the first paragraph of any newspaper story . . . the who, what, when, where and how of the events at issue." In re Rockefeller Center Properties, Inc. Securities Litigation, 311 F.3d 198, 217 (3d Cir. 2002) (internal quotation and citation omitted). Elsewhere, however, the Court has commented that

> Rule 9(b) requires plaintiffs to plead with particularity the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged . . . . It is certainly true that allegations of 'date, place or time' fulfill these functions, but nothing in the rule requires them. Plaintiffs are free to use alternative means of injecting precision and some measure of substantiation into their allegations of fraud.

Seville Industrial Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786, 791 (3d Cir. 1984). See also In re Suprema Specialties, Inc. Securities Litigation, 438 F.3d 256, 270 (3d Cir. 2005) (noting that "Rule 9(b) serves to give defendants notice of the claims against them, provide[ ] an increased measure of protection for their reputations, and reduce[ ] the number of frivolous suits brought solely to extract settlements.") (internal quotations and citations omitted); Wolstein v. Doctoroff, 133 F.3d 210, 217 (3d Cir. 1997) ("the purpose of [Rule 9(b)] is to allow a defendant to meaningfully respond to a complaint").

In this case, Mrs. Anzalone not only provides the Debtor with enough material so that he may meaningfully respond to the Complaint, but she also details Mr. Dulgerian's alleged fraud with the who, what, when, where, and how that more than satisfy the heightened standard of pleading outlined above. Specifically, the Complaint alleges that Mr. Dulegrian, his wife and affiliates Enclave and G& D ("who," see Complaint, ¶¶ 6,9) induced the Plaintiff and her husband to loan them a total of $500,000 ("what," see Complaint, ¶¶ 9, 13, 15, 17) from November 2001 to July 2002 ("when," see Complaint, ¶¶ 9, 17) in New Jersey ("where," see Exhibit A, check drawn on a New Jersey bank). The last element - how the Debtor's alleged fraud was perpetrated - is detailed at some length by the Plaintiff. (See Complaint, ¶11, pgs. 3-4.) The Complaint fully describes Mr. Dulgerian's alleged deceit and defrauding of the Plaintiff and her husband. Mrs. Anzalone alleges that the Defendant presented a false Agreement of Sale (the "Agreement"), fraudulently represented that the Property would be sold imminently for $14,000,000, misrepresented the Borrowers' interest in the Property, and overstated the Debtor's and the Borrowers past successes. Id. Further, it is alleged that the Debtor concealed both his intent to embezzle the loan proceeds and his dire financial condition. Id. The Complaint provides more than enough details both to give the reader a picture of the alleged deception and to allow the Debtor to answer the pleading.

8

Because the Complaint adequately pleads Mr. Dulgerian's alleged fraudulent activity, the Defendant is incorrect when he argues that the Complaint merely "makes vague allegations." (Motion, pg.3). Further, the Debtor's insistence that the Complaint falls short because it fails to answer specific questions such as "[w]hat exactly did Defendant state about his past success?" and "[d]id Defendant mention any profits from projects?" (Motion, pg.4) is unsupported by Third Circuit case law, which, as discussed, calls for a heightened pleading standard in order to put a defendant on notice and protect reputations, not, as the Defendant indicates, a need to answer any and all questions prior to discovery. In re Suprema Specialties, Inc. Securities Litigation, 438 F.3d 256, 270 (3d Cir. 2005). See also Shapiro v. UJB Financial Corp., 964 F.2d 272, 284 (3d Cir. 1992) (noting that courts should be "sensitive to the fact that application of [Rule 9(b)] prior to discovery may permit sophisticated defrauders to successfully conceal the details of their fraud . . . . They should also respect the general simplicity and flexibility of the Federal Rules of Civil Procedure.") (internal quotations and citations omitted). Discovery will provide the opportunity for both sides in this dispute to exchange information and to have more detailed questions answered. For now, it is sufficient to conclude that the Plaintiff has pled fraud in enough detail to satisfy Federal Rule 9(b) and to move beyond the pleading stage. For these reasons, the Motion to Dismiss will not be granted with regard to the allegations of fraud in the Complaint.

## IV. THE COMPLAINT STATES A CLAIM UNDER 11 U.S.C. § 523(a)(2)

The Plaintiff also states a claim in count I under Section 523(a)(2) of the Code. The Complaint does not specify if it intends to proceed under § 523(a)(2)(A) or under § 523(a)(2)(B). The parties' briefs assume that both sections are under consideration, and the Court will do the same.

Section 523(a)(2)(A) excepts from a bankruptcy discharge an individual debt obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." In order successfully to state a cause of action under § 523(a)(2)(A), a plaintiff must show the following: (1) the debtor made a representation knowing at the time that it was false; (2) the debtor made the representation with the intent and purpose of deceiving the plaintiff; (3) the plaintiff justifiably relied on the debtor's false representation; and (4) the plaintiff suffered a loss or damage as a proximate consequence of the representation having been made. In re Ishmael, 2008 WL 80040, at *3 (Bankr. E.D. Pa. Jan. 7, 2008) (citation omitted). See also In re Farrell, 2006 WL 1997423 (Bank. E.D. June 14, 2006).

The Complaint alleges all four of these elements. It describes several representations the Debtor and the Borrowers made to the Anzalones regarding the Property while knowing that such assertions were false (Complaint, ¶31). The Complaint alleges that these representations were made with the intent of

10

deceiving the Plaintiff. (Id.). The Plaintiff relied on the Debtor's alleged fraudulent statements in acting to lend money (¶¶ 13, 17). Lastly, the Complaint alleges that the Plaintiff is out $500,000 as a direct result of the Debtor's fraud. (¶¶ 13, 17, 32). Thus, the Plaintiff has stated a claim on which relief may be granted under § 523(a)(2)(A).

The Defendant alleges, without benefit of citation to law, that the loans made to the Plaintiff cannot support a claim pursuant to § 523(a)(2)(A) because the Complaint does not attach a loan agreement or promissory note. (Motion, pg. 5). This argument is not correct. See, e.g., In re Harrison, 301 B.R. 849 (Bankr. N.D. OH. 2003) (stating a cause of action under § 523(a)(2)(A) based on an oral contract).

Alternatively, the Complaint states a cause of action under § 523(a)(2)(B). This section excepts from discharge a debt obtained by "use of a statement in writing - (i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive." 11 U.S.C. § 523(a)(2)(B). Whether a statement is material is a question for a court to decide. In re Kleiman, 2008 WL, at *4 (Bankr. D.N.J. Jan. 30, 2008) (citations omitted). The reasonable reliance prong of § 523 (a)(2)(B) requires that "the creditor actually relied upon the statement at issue." Id. (citing In re Cohn, 54 F.3d 1108, 1115 (3d Cir. 1995). It is

11

unnecessary that the financial statement at issue be a formal document; it need only "describe the financial condition of the debtor or an insider of the debtor." In re Nicolai, 2007 WL 405851, at *2 (Bankr. D.N.J. Jan. 31, 2007).

Mrs. Anzaone has here satisfied each of the necessary elements in order to plead a cause of action under § 523 (a)(2)(B). The Complaint alleges that the Agreement of Sale falsely represented in writing the Debtor's financial condition and that she relied on the Agreement in deciding to make a loan to the Debtor. (Complaint ¶¶ 12-13.) The Complaint further alleges that the Agreement was published with the intent to deceive the Plaintiff and her husband. (Complaint ¶ 12.) The Defendant offers no argument or case law to the contrary. Therefore, Plaintiff's cause of action under § 523 (a)(2)(B) will not be dismissed.

### V.  THE COMPLAINT FAILS TO STATE A CLAIM UNDER 11 U.S.C. § 523(a)(4)

Because the Complaint does not state a claim on which relief may be granted pursuant to 11 U.S.C. § 523(a)(4), this portion of the Complaint will be dismissed without prejudice. Section 523(a)(4) of the Code excepts from discharge any debt obtained "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

The Defendant is correct that the Complaint does not state a claim with regard to the first part of § 523(a)(4), i.e. there is no cause of action that rests on

12

the assertion that the Debtor has misappropriated funds while acting in a fiduciary capacity. The fiduciary relationship is a prerequisite to a determination of nondischargeability for fraud or defalcation under § 523(a)(4). In re Shervin, 112 B.R. 724, 730-1 (Bankr. E.D. Pa. 1990) (citations omitted). The concept of "fiduciary" has been narrowly construed under § 523(a)(4). In re Ishmael, 2008 WL 80040, at *4 (Bankr. E.D. Pa. Jan. 7. 2008). Mrs. Anzalone argues that the Debtor was acting in a fiduciary capacity because he was an officer or director of G&D and Enclave (to whom the loans in question were made jointly and severally) and that "the fiduciary duties owed by Defendant shifted to the creditors of Enclave and G&D." (Memorandum of Law in Support of Plaintiff's Answer, pg. 11). The Plaintiff asserts that because she is a creditor of Enclave and G&D, the Debtor owed her a fiduciary duty as well. Id. It is true that an officer or director of a corporation owes a duty to the corporation's creditors once the corporation becomes insolvent. See In re Docteroff, 133 F.3d 210, 217 (3d Cir. 1997); In re Picard, 339 B.R. 542, 552 (Bankr. D. Conn. 2006); In re Scott Acquisition Corp., 344 B.R. 283 (Bankr. D. Del. 2006) (holding that directors and officers of an insolvent wholly owned subsidiary owe fiduciary duty to the subsidiary and its creditors); In re Carretta, 219 B.R. 66 (Bankr. D.N.J. 1998) (discussing Pennsylvania law).[2] Yet there is no allegation in the Complaint

---

[2] The Court notes recent contrary developments in Delaware law, see, e.g., North American Catholic Educational Programming Foundation, Inc. v. Gheewalla, 930 A.2d 92 (Del. Supr. 2007); Trenwick America Litig. Trust v. Ernst & Young, L.L.P., 906 A.2d 168 (Del. Ch. 2006), but is not now
(continued...)

13

regarding either G&D or Enclave's insolvency. Thus, the Plaintiff's argument that the Debtor owes her a fiduciary duty must fail.[3]

Nor does the Complaint state a viable claim that the Debtor embezzled funds pursuant to 11 U.S.C. § 523(a)(4). In order to state a claim for embezzlement, the existence of a fiduciary relationship is unnecessary. In re Ishmael, 2008 WL 80040, at *6 (Bankr. E.D. Pa. Jan. 7. 2008); In re Shervin, 112 B.R. 724, 735 (Bankr. E.D. Pa. 1990). Embezzlement is defined as "the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come." In re Steele, 2005 WL 281154, at *3 (Bankr. E.D. Pa. Jan. 28, 2005) (citing Moore v. United States, 160 U.S. 268, 269 (1895).[4] To establish a cause of action for embezzlement pursuant to 11 U.S.C. § 523(a)(4), a plaintiff must show: 1) the debtor was entrusted; 2) with property; 3) of another; 4) which the debtor appropriated for his own use; and 5) with fraudulent intent. In re Ishmael, 2008 WL 80040, at *6 (Bankr. E.D. Pa. Jan. 7. 2008) (citation omitted). See also In re Docteroff, 133 F.3d 210, 217 (3d Cir. 1997).

---

[2](...continued)
prepared to opine on whether this law would apply here.

[3] Because Count II will be dismissed without prejudice, the Plaintiff is free to amend this portion of the Complaint.

[4] Larceny, on the other hand, requires that "the original taking of the property was unlawful." In re Ishmael, 2008 WL 80040, at *6 n.14 (Bankr. E.D. Pa. Jan. 7. 2008).

14

Count II of the Complaint fails to state a claim for embezzlement pursuant to § 523(a)(4) and the standard set forth above because, while there is an assertion of fraudulent intent and misappropriation of use, there is no allegation that the Defendant was entrusted with the property of another. Rather, the money Mr. Dulgerian allegedly misused for his own purposes was a loan from Mrs. Anzalone and therefore belonged to him and the other Borrowers. One cannot embezzle one's own property. In re Phillips, 882 F.2d 302 (8th Cir. 1989) (holding that a creditor with merely a security interest in collateral did not have a claim for embezzlement pursuant to § 523(a)(4)) ; In re Shervin, 112 B.R. 724 (Bankr. E.D. Pa. 1990); In re Moller, 2005 WL 1200916 (Bankr. N.D. Iowa, May 16, 2005). Because the money at issue did not belong to the Plaintiff, she cannot allege that the Debtor embezzled it from her. If anyone has a claim of embezzlement against Mr. Dulgerian, it is his co-borrowers in the business venture with whom he jointly owned the funds in question, not Mrs. Anzalone, who lent him the money. Because the Plaintiff has not stated a viable cause of action pursuant to § 523 (a)(4), count II of the Complaint will be dismissed.

## VI.  THE COMPLAINT STATES A CLAIM UNDER 11 U.S.C. § 523(a)(6)

Lastly, the Complaint states a claim under 11 U.S.C. § 523 (a)(6) in count III. This section of the Code exempts from discharge any debt "for willful

15

and malicious injury by the debtor to another entity or to the property of another entity." Generally, the "willfulness requirement refers to conduct that is 'deliberate' or 'intentional.'" In re Jacobs, 381 B.R. 128, 136 (Bankr. E.D. 2008) (citing Collier on Bankruptcy). The word "'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998) (emphasis in the original). "Willful means deliberate or intentional . . . for the injury to have been 'willed' by the debtor, it must at least have been substantially certain to result from the debtor's act." In re Granoff, 2006 WL 1997408, at *6-*7 (Bankr. E.D. Pa. Jun. 6, 2006) (citing In re Conte, 33 F.3d 303, 307 (3d Cir. 1994)). An injury is willful and malicious under the Code only if "the actor purposefully inflicted the injury or acted with substantial certainty that injury would result." Granoff, 2006 WL 1997408, at *7 (citing, Conte, 33 F.3d at 305).

    In this case, the Complaint's allegations that the Debtor diverted funds from, and perpetrated an elaborate scheme upon, the Plaintiff may at least arguably amount to a "willful and malicious" injury pursuant to 11 U.S.C. § 523(a)(6). Faced with similar facts, where a Debtor was charged with diverting funds that were meant to further a business venture, the Third Circuit held that "there can be no doubt that [the Debtor] inflicted a willful injury on the plaintiffs." In re Docteroff, 133 F.3d 210, 217 (3d Cir. 1997). Thus, at least at the preliminary pleading stage,

16

the allegations put forth in the Complaint adequately give rise to a cause of action under § 523(a)(6).

In asserting that the portion of the Complaint alleging a cause of action pursuant to § 523(a)(6) should be dismissed, the Defendant cites a single case. That case, In re Gaebler, 83 B.R. 264 (Bankr. E.D. Pa. 1988), was overruled some 20 years ago. See In re Gaebler, 88 B.R. 62, 65 (E.D. Pa. 1988) ("[t]his Court finds that the Bankruptcy Court erred in concluding . . . that creditor was required to prove that the debtor acted with the specific intent of harming creditor in order to successfully challenge dischargeability in the basis of 11 U.S.C. Section 523(a)(6)"). Mr. Dulgerian therefore offers no convincing argument to rebut the above assessment that the Complaint states a viable cause of action pursuant to 11 U.S.C. § 523 (a)(6).

## VII.  CONCLUSION

For the reasons discussed, the Court concludes that the Complaint states a claim upon which relief may be granted in counts I and III and should not be dismissed with regard to those counts at this early stage. The Plaintiff has pled fraud with sufficient particularity to satisfy both the parameters of Federal Rule 9(b) and the requirements set forth by the Third Circuit, as well as to allow the Defendant satisfactorily to answer the charges against him. In addition, the Complaint sets forth sufficient allegations concerning its causes of action under

17

sections 523(a)(2) and (a)(6) of the Code.  However, because count II fails to allege the elements necessary to state a claim under § 523(a)(4), this portion of the Complaint will be dismissed without prejudice.  Therefore, the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(B)(6) is granted in part and denied in part.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| GEORGE DULGERIAN, | : | |
| Debtor. | : | Case No. 06-10203  (JKF) |
| _____ | | |
| BERNICE ANZALONE, | : | |
| Plaintiff, | : | |
| v. | : | |
| GEORGE DULGERIAN, | : | |
| Defendant. | : | Adversary No. 06-0612 |
| _____ | | |

# ORDER

This 1st day of April, 2008, for reasons discussed in the Memorandum Opinion, Debtor George Dulgerian's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(B)(6) is **denied** with regard to counts I and III of the Complaint and **granted** with regard to count II of the Complaint.  Count II is **dismissed without prejudice**.

_____
JEAN K. FITZSIMON
United States Bankruptcy Judge

Copies to:

Vladislav Tinovsky, Esquire
Tinovsky Law Firm
1515 Market Street, Suite 810
Philadelphia, PA 19102

Garen Meguerian, Esquire
21 Industrial Boulevard, Suite 201
Paoli, PA 19301

Albert A. Ciardi, III, Esquire
Ciardi & Ciardi P.C.
Once Commerce Square
2005 Market Street, Suite 2020
Philadelphia, PA  19103